### D. N. Watson v. The State.

No. 2812.   Decided February 24, 1904.

**Sunday Law—Drugstore.**

One who sells intoxicating liquors on physicians' prescriptions for medicinal purposes under a regular license to pursue such business, may interpose as a legal defense, to a charge of unlawfully selling merchandise on Sunday, that he made sales of medicines as a keeper of a drugstore on Sunday; even if local option is in force in such territory and he sells a quart of whisky as medicine on such prescription.

Appeal from the County Court of Hunt.  Tried below before Hon. F. M. Newton.

Appeal from a conviction of selling merchandise on Sunday; penalty, a fine of $20.

The opinion states the case.

No brief for appellant has reached the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted under article 199, Penal Code, for selling merchandise on Sunday, and his punishment assessed at a fine of $20; hence this appeal. The statement of facts shows inferentially that Greenville, where the alleged sale occurred, was under "local option," though it is not positively stated in the agreed facts. However, it is stated substantially that appellant was engaged in the business of selling medicines and filling prescriptions for intoxicating liquors written by regular physicians, in the manner and form prescribed by law; and that he has been duly licensed to pursue such business, and has complied in all respects with the law regulating the sale of intoxicating liquors on prescription; and that he kept patent medicines and intoxicants for sale on prescription in his establishment. That on Sundays he kept his house open until about 9 o'clock, and during this time sold intoxicating liquors on prescription; that at no time did he sell any for medicinal purpose except upon prescription; that on January 18, 1903, about 11 o'clock a. m., the same being Sunday, he filled a prescription written by a regular practicing physician in the manner and form required by law, for one quart of whisky, to be used for medicinal purposes. The defense set up, as we understand, was under art. 200, Penal Code, which authorizes the keepers of drugstores, etc., to make sales of medicines on Sunday. We do not understand that because local option was in force in Hunt County, if that inference is to be conceded as a fact, that said defense set up under article 200 could not avail appellant. The local option law treats whisky as a medicine, and authorizes its sale under certain conditions; and we hold that when those conditions are complied with such sale can be made in a drugstore in local option territory as well as outside of such territory. We think the case of Todd v. State, 30 Texas Crim. App., 667, is applicable to this case. The evidence not sustaining the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*